UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| DAVID ALLEN HANCOCK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 2:17-cv-00313-TLS-JEM |
| v. | ) | |
| | ) | |
| NAVIENT SOLUTIONS, LLC, | ) | |
| | ) | |
| Defendant | ) | |

**DEFENDANT NAVIENT SOLUTIONS, LLC'S
MOTION FOR SUMMARY JUDGMENT**

This Court should grant summary judgment in favor of Defendant Navient Solutions, LLC ("NSL") on Plaintiff David Allen Hancock's ("Hancock") claims under the Telephone Consumer Protection Act ("TCPA") and the Indiana Deceptive Consumer Sales Act ("IDCSA"). As shown in NSL's supporting brief and evidence, both claims fail as a matter of law.

The Bipartisan Budget Act of 2015 ("Budget Act") amended the TCPA effective November 2, 2015 to remove federal student loan collection calls made to a cellular telephone from the statute's reach. Here, NSL had express consent at all relevant times to call Hancock's alleged cellular telephone using an ATDS or prerecorded messages. However, NSL did not need Hancock's consent to call his alleged cellular telephone number using an ATDS or prerecorded messages to collect on the FFELP Loans as a matter of law. Since NSL made each of the 11 calls at issue solely to collect on Hancock's delinquent FFELP Loans, the TCPA does not impose liability for the calls as a matter of law. Hancock's claim must fail.

The Court also should find consistent with U.S. Department of Education's ("ED") long-held view that the Higher Education Act of 1965 preempts Hancock's state law claims targeting NSL's student loan collection efforts. Allowing Hancock's claims to proceed not only would

1

usurp ED's intent to create uniform rules governing the collection of federal student loans, it also would jeopardize ED's ability to maximize taxpayers' return on an increasing number of federal student loans in default. Moreover, NSL's conduct was not "unfair, abusive, or deceptive" as a matter of law. This Court should grant summary judgment on Hancock's IDCSA claim.[1]

By: /s/ Aliza Malouf
Aliza Malouf
Indiana Bar No. 31063-49
**HUNTON ANDREWS KURTH LLP**
1445 Ross Ave., Suite 3700
Dallas, Texas 75202
214-979-8229
(214) 740-7157 (fax)
amalouf@huntonAK.com

**COUNSEL FOR DEFENDANT
NAVIENT SOLUTIONS, LLC**

## CERTIFICATE OF SERVICE

I hereby certify that on May 15, 2019 I filed the foregoing with the Clerk of the Court using the CM/ECF system, which sent notification of such filing to all counsel of record.

/s/ Aliza Malouf
Aliza Malouf

---

[1] As argued in NSL's pending motion to dismiss and supporting memorandum [ECF Nos. 10 & 11], Hancock's IDCSA claim fails as a matter of law because (a) an alleged violation of the TCPA, without more, is insufficient to maintain a claim under the IDCSA, and (b) Hancock failed to allege sufficient facts to show that NSL acted with intent to mislead or defraud him, or that Hancock was misled or defrauded. To the extent necessary, NSL renews and incorporates those arguments by reference. To be clear, NSL offers the arguments of its motion for summary judgment on Hancock's IDCSA claim in addition to, but not as a waiver of, its arguments at dismissal.