# EXHIBIT A

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF INDIANA
## HAMMOND DIVISION

| | |
|---|---|
| DAVID ALLEN HANCOCK, | ) |
| Plaintiff, | ) ) ) |
| | ) Case No. 2:17-cv-00313-RL-JEM |
| v. | ) ) |
| NAVIENT SOLUTIONS, LLC | ) ) |
| Defendant | ) ) |

### DECLARATION OF CARL O. CANNON

I, Carl O. Cannon, declare as follows:

1. I am an employee of defendant Navient Solutions, LLC ("NSL"). I am over the age of eighteen, and am fully competent to make this declaration. I am employed by NSL in the position of Senior Account Analyst. I am familiar with the recordkeeping and policies of NSL, and I make this Declaration on the basis of my personal knowledge or upon my review of the records of NSL of which I am a custodian, which are maintained in the ordinary course of business, and if called to testify, I could and would competently swear to such facts.

2. I am familiar with the claims alleged by Plaintiff David Allen Hancock ("Hancock") against NSL in the above-captioned lawsuit as they relate to NSL's servicing of Hancock's student loans. I have also reviewed NSL's business records, which are kept in the ordinary course of its business, as they relate to the servicing of Hancock's student loans, including all calls placed to the phone number ending in "8195" (the "8195 number").

3. I have personally reviewed NSL's systems of record related to the loan documents, payment history, loan correspondence, and communications, including call logs and recorded calls related to Hancock's federal student loans, and am a custodian for these records.

1

4. NSL is a student loan servicer. In connection with a corporate reorganization, Navient Solutions, Inc. converted to a Delaware limited liability company and changed its name from "Navient Solutions, Inc." to "Navient Solutions, LLC" effective as of January 31, 2017. Before May 1, 2014, "Navient Solutions, Inc." was known as "Sallie Mae, Inc."

5. On or about November 11, 2009, Hancock executed a Federal Stafford Loan Master Promissory Note ("MPN") made pursuant to the Federal Family Education Loan Program ("FFELP"). **Exhibit A-1** is a true and correct copy of the MPN signed by Hancock.

6. Hancock agreed as follows in the MPN:

> I authorize the school, the lender, the guarantor, the Department, and their respective agents and contractors to contact me regarding my loan request(s) on my loan(s), *including repaying of my loan(s)*, at the current or *any future number that I provide for my cellular telephone or other wireless device* using automated telephone dialing equipment or artificial or prerecorded voice of text messages.

**Exh. A-1**, MPN at 1, § 14, ¶ F (emphasis added).

7. On or about December 18, 2009, one subsidized Stafford Loan and one unsubsidized Stafford Loan were disbursed under the MPN in the original principal amounts of $1,750 and $3,000, respectively ("FFELP Loans").

8. On September 21, 2015, NSL repurchased the FFELP Loans from the FFELP loan guarantor, Educational Credit Management Corporation ("ECMC").

9. NSL was the servicer of Hancock's FFELP Loans from September 21, 2015 to April 12, 2018, when the FFELP Loans transferred back to ECMC. Other than the FFELP Loans, NSL did not service any of Hancock's other student loans, including any private loans he may had, from September 21, 2015 to April 12, 2018. NSL currently does not service any student loans belonging to Hancock.

10. On December 30, 2015, Hancock signed and submitted an Unemployment Deferment Request to NSL in which he again agreed as follows:

> I authorize the entity to which I submit this request (i.e. the school, the lender, the guaranty agency, the U.S. Department of Education, and their respective agents and contractors) to contact me regarding my request or my loan(s), *including repayment of my loan(s)*, at the number that I provide on this form *or any future number that I provide for my cellular telephone or other wireless device* using automated telephone dialing equipment or artificial or prerecorded voice or text messages.

(Emphasis added). **Exhibit A-2** is a true and correct copy of the December 30, 2015 Unemployment Deferment Request signed by Hancock.

11. On November 12, 2016, Hancock submitted an unsigned Unemployment Deferment Request to NSL in which he provided the "8195" number to NSL. **Exhibit A-3** is a true and correct copy of the November 12, 2016 Unemployment Deferment Request.

12. Hancock has not made any payments to NSL on the FFELP Loans since September 21, 2015. **Exhibit A-4** is a true and correct copy of the payment history for Hancock's student loans with NSL from the date that NSL repurchased the FFELP Loans on September 21, 2015 to November 14, 2017.

13. After Hancock failed to pay his FFELP Loans as agreed, NSL began calling his alleged cellular telephone number ending in "8195." **Exhibit A-5** is a true and correct copy of NSL's call logs showing all calls made to Hancock's "8195" number in connection with the FFELP Loans between the date NSL repurchased the FFELP Loans on September 21, 2015 and the date this lawsuit was filed on July 24, 2017. **Exhibit A-6** is an accurate summary of the dates and times of all calls identified in **Exhibit A-5**.

14. More specifically, NSL's first call to the "8195" number after it repurchased the FFELP Loans was made on March 29, 2017.

3

15. Including the initial call identified above, NSL called Hancock at the "8195" number a total of 8 times from its Interactive Intelligence ("ININ") dialing system between March 29, 2017 and July 24, 2017—with the last call being made on July 12, 2017.

16. NSL also called Hancock at the "8195" number a total of 3 times using its LiveVox Human Call Initiator ("HCI") dialing system between May 12, 2017 and July 24, 2017—with the last call being made on July 11, 2017.

17. Only one call that NSL made to the "8195" number between March 29, 2017 and July 24, 2017 was answered. On May 29, 2017, an unidentified person stated that Hancock "was not here right now." *See also* **Exhibit I**, Transcript of May 29, 2017 call recording.

18. Each of the remaining outbound calls that NSL made to the "8195" number after NSL repurchased the FFELP Loans went unanswered.

19. Hancock did not request that NSL stop calling him at the "8195" number after November 12, 2016.

20. On July 24, 2017, Hancock filed the above-styled and numbered lawsuit.

21. As a result of the filing of this lawsuit on July 24, 2017, NSL updated Hancock's TCPA consent for the FFELP Loan account as "N" on July 25, 2017.

22. NSL did not call the "8195" number after July 12, 2017.

23. NSL did not make any calls to the "8195" number using a prerecorded message or artificial voice after September 21, 2015.

24. All of the calls made by NSL to Hancock at the "8195" number after September 21, 2015 were made solely to collect on his FFELP Loans.

25. **Exhibits A-1 to A-5** hereto are business records obtained from NSL's systems of record. NSL (i) contemporaneously maintains the business records in its systems of record in the

4

ordinary course of its business; (ii) the business records are made at or near the time of the occurrence of the matters set forth by, or from information transmitted by, a person with knowledge of and a business duty to record or transmit those matters; (iii) the business records were kept in the course of the regularly conducted activity; (iv) the business records were made by the regularly conducted activity as a regular practice; (v) NSL's systems of record are reliable; (vi) NSL has developed procedures whereby it maintains the records associated with its student loan servicing accounts by contemporaneously inputting recorded or logged information into its systems of record; (vii) this procedure has built-in safeguards to provide for the accuracy and identify of the data; (viii) NSL keeps its systems of record in a good state of repair; (ix) I used the systems of record to access the business records; (x) I recognize **Exhibits A-1 to A-5** as true and correct copies of the business records obtained from NSL's systems of record and created from data maintained in NSL's business records for Hancock's student loan account.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this __8TH__ day of May 2019.

_Carl O. Cannon_
Carl O. Cannon